UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVEAUN CARSON,

    Petitioner,

    v.                                          CAUSE NO. 3:22-CV-243-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Daveaun Carson, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-21-10-435) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of possessing a weapon in violation of Indiana Department of Correction Offense 106. Following a hearing, he was sanctioned with a loss of one hundred eighty days earned credit time and a demotion in credit class.

Carson argues that he is entitled to habeas relief because the administrative record lacks sufficient evidence to find that he possessed a weapon. He maintains that he had been moved from the cell earlier that day, that he did not own the trash can or possess the weapon on his person, and that he had been assaulted by other inmates.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's

> guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report, by itself, is sufficient to satisfy the "some evidence" standard. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's decision.").

Departmental policy defines possession as:

> On one's person, in one's quarters, in one's locker or under one's physical control. For the purposes of these procedures, offenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control.

ECF 11-15 at 6.

The administrative record includes a conduct report in which a correctional officer represented that, during a cell search, he found an intercom plate wrapped in thermal cloth in the trash can inside Carson's cell. ECF 11-1. The administrative record includes a photograph of the weapon. ECF 11-3. It also includes a video recording summary indicating that correctional staff searched Carson's cell as well as the video recording itself, which the court has reviewed and found to be consistent with the summary. ECF 11-9; ECF 14. The conduct report, the photographs, and the video recording constitute some evidence that Carson possessed a weapon as defined by departmental policy. Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

2

Carson argues that he is entitled to habeas relief because the hearing officer denied his request to present evidence. Specifically, he alleges that he requested: (1) a statement from his cellmate that the trash can belonged to him and that other inmates assaulted him; (2) statements from Sergeants Betzner and Heishman that he had reported the assault; (3) the grievance he had filed to challenge the conduct report; and (4) the inspection sheet for his cell that would have shown the trash can also belong to his cellmate. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.*

It is unclear how evidence suggesting that other inmates had assaulted Carson would have affected the outcome of the disciplinary hearing. In the traverse, Carson alleges that the inmates who had assaulted him used that weapon and deposited it into his cellmate's trash can thereafter, but, at the hearing, and, on administrative appeal, Carson's position was that the weapon belonged to his cellmate. ECF 11-6; ECF 11-10; ECF 11-12. Moreover, evidence suggesting that the trash can or the weapon belonged to Carson's cellmate would not have been exculpatory given the broad definition of possession under departmental policy. Further, correctional staff responded that cell inspection sheets do not account for trash cans. ECF 11-7 at 3. Additionally, it is unclear how the absence of the grievance harmed Carson given that he adequately conveyed

3

the same information to the hearing officer at the disciplinary hearing. ECF 11-6; ECF 11-10. Therefore, the claim that the hearing officer did not allow him to present evidence is not a basis for habeas relief.

Carson argues that he is entitled to habeas relief because the hearing officer was not an impartial decisionmaker. He maintains that the hearing officer did not credit his testimony or consider that other inmates had assaulted him. The hearing officer also found him guilty and did not grant him a continuance. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* There is no indication that the hearing officer was involved in the underlying incident. Further, given Carson's position at the hearing that his cellmate was the culprit, it is unclear how the hearing officer demonstrated bias by declining to consider the assault. Moreover, though the hearing officer ultimately found Carson guilty without granting him a continuance, adverse rulings alone are insufficient to demonstrate improper bias. *Thomas v. Reese*, 787 F.3d 845, 849 (7th Cir. 2015). As a result, the claim of improper bias is not a basis for habeas relief.

If Carson wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma

pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Daveaun Carson leave to appeal in forma pauperis.

SO ORDERED on July 28, 2022

                                        s/Michael G. Gotsch, Sr.
                                        Michael G. Gotsch, Sr.
                                        United States Magistrate Judge